# HARDIN MYERS
## v.
## A. H. ANTRIM.

1. BILL °OF EXCEPTIONS—AMENDMENTS.—When once a bill of exceptions becomes a part of the records of the court, the only way in which it can be amended is by an order made in open court, after notice to the parties in interest.

2. AMENDMENTS—WHAT NECESSARY TO STATE.—In making amendments, the court must of necessity find in what particulars the bill of exceptions fails to correctly state the facts as they transpired on the trial of the cause, and when a correction is ordered, the record should clearly state the amendment intended. Where the order found no facts to justify an amendment, nor did it indicate what amendment was made or intended by the court should be made. *Held*, that it did not justify the judge in amending the bill of exceptions according to his recollection of what transpired on the hearing of the cause at the trial term.

APPEAL from the County Court of Moultrie county; the Hon. J. MEEKER, Judge, presiding. Opinion filed February 5, 1884.

Mr. W. G. COCHRAN and Mr. W. H. SHINN, for appellant.

Messrs. EDEN & CLARK, for appellee.

PER CURIAM. This cause was tried at the August term, 1883, of the Moultrie County Court, resulting in a judgment against appellant. By the order of the court, the bill of exceptions was to be signed and filed within thirty days. Within the time fixed by the order, the judge signed and filed what purported to be a bill of exceptions, and the same is copied into the transcript and certified by the clerk to this court as a part of the record in the case. The case was taken on call on the 4th day of December, and on the 11th it was discovered that the bill of exceptions, as copied into the record, was not under the seal of the judge who signed it, nor did it show that any exceptions were taken by appellant to the rulings of the court below, and thereupon appellant entered a motion to continue said cause until the next term of this court, to enable

him to apply to the court to amend the record of said bill of exceptions; and this motion was held under advisement until the present time, to allow a term of the Moultrie County Court to intervene so as to enable appellant to apply to that court for such amendment. Appellant now presents to this court what purports to be an amended record, and asks leave to file the same, which application is resisted by appellee. On inspection it appears by the amended record that on the 14th day of the present month (January) an order was made and entered of record in the trial court, reciting the appearance of the parties, a motion by appellant to amend the bill of exceptions, the finding of the court that the same was incomplete and ordering that the same be amended. Neither the motion nor the finding of the court showed in what respect the bill of exceptions was incomplete, nor was it stated in the order what amendment was made. Eight days after the order was made the judge of the county court signed, sealed and filed in said court an entire new bill of exceptions, essentially different from the orginal bill filed at the trial term.

The first bill of exceptions signed and filed at the August term became thereby a part of the records of the court, and the judge who signed it had no more right than any other person to alter or change it. When once a bill of exceptions becomes a part of the records of the court, the only way in which it can be amended is by an order made in open court, after notice to the parties in interest. The act of allowing the amendment is a judicial act which should be based upon the evidence heard by the court. This evidence may consist of the minutes of the judge made at the trial of the cause, the records of the court, or any other legal evidence which will enable the court to determine what amendment, if any, is needed to make the record speak the truth. Upon questions of fact, such as whether or not particular evidence was heard, instructions given or refused, or exceptions taken on the former trial, the parties to be affected by the findings of the court are entitled to be heard. In making amendments the court must of necessity find in what particulars the bill of exceptions fails to correctly state the facts as

they transpired on the trial of the cause, and when a correction is ordered the record should clearly state the amendment intended. The order in this case finds no facts to justify an amendment, nor does it indicate what amendment was made or intended by the court should be made. It did not therefore justify the judge in subsequently amending the bill of exceptions, according to his recollections of what transpired on the hearing of the cause at the August term.

The leave asked to file the amended record is denied.

No exceptions having been taken and preserved in the record to the rulings of the trial court, and the bill of exceptions being without a seal, the judgment is affirmed.

Affirmed.